## D. E. Cory *versus* J. Little.

He who finds the horse of another wrongfully in his field, has a right to turn
the beast into the highway ; and although it stray away, he is not respon-
sible for it.

This was a writ of error brought to reverse a judg-
ment of the court of common pleas.

Little brought an action of trespass against Cory, for
taking and leading away Little's brown mare, and turn-
ing her into a certain wood lot, and causing her to stray
away. The cause was tried upon the general issue in
the court below, when it appeared that Little and Cory
had each a close, with a close of a third person between
them. The distance between their two closes was about
fifty rods. The mare had strayed from Little's close in-
to Cory's, where there was grain growing, and being
found there by Cory, he took her, and, instead of turning
her back into Little's close, led her in an opposite direc-
tion, about forty rods, through three sets of bars, to a
path leading into the woods, and turned her loose, giving
her a blow with a stick. There was no road adjoining
the close in which Cory found the mare. In order to re-
turn the mare to Little's close Cory must have taken her
over two fences.

Cory's counsel moved the court to instruct the jury
that the evidence was not in law sufficient to maintain
the issue on the part of Little. But the court, instead of
thus instructing the jury, told them that Cory had a right
to remove the mare from his close but in so doing he
ought not to use unnecessary force or act unreasonably,
and that what force was necessary, and whether he act-
ed reasonably, were questions for the jury to determine.

Cory
v.
Little.

The jury having found for Little, Cory filed a bill of exceptions and brought this writ of error.

*Bell* and *Woods*, for the defendant in error.

*J. Smith*, for the plaintiff.

GREEN, J. delivered the opinion of the court.

The mare was in Cory's close wrongfully and he had a right to remove her. The only question to be decided, is, whether he made himself a trespasser by an improper exercise of this right. There was no road adjoining his close into which he could turn her. He had only the choice to turn her back into the close of the owner, or to turn her into the woods in the way he did.

In order to turn her back into Little's close there were two fences to pass. In the other way there were three. But this circumstance is immaterial; as is also the circumstance that he turned her away in a direction opposite to that of Little's close. We are not aware of any rule of law that made it his duty to turn her out in the way that had the fewest obstructions, or in a direction towards Little's close.

He took the nearest way to turn her from his own close, and probably the way which was most likely to prevent her return; and there was no evidence that he did her any injury.

What was the evidence, then, that proved him to be a wrong doer? We see none. He found the beast in his field, and turned her into the road. This is all. There is no colour of pretence that he could be held to be a trespasser for this.

We are, therefore, of opinion, that the court ought to have given to the jury the instructions for which the counsel for Cory asked, and that the judgment must be reversed.